UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ACTIVE NETWORK, LLC, § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> ADLIFE MARKETING & § <br> COMMUNICATIONS CO., INC., § <br> § <br> Defendant. § | Civil Case No. 3:20-CV-1598 |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Active Network, LLC ("Active"), a Delaware limited liability company, by and through its undersigned counsel of record, files this Complaint against Defendant Adlife Marketing & Communications Co., Inc. ("Adlife"), and alleges as follows:

### NATURE OF ACTION

1. This is an action under the copyright law of the United States, 17 U.S.C. § 101, *et seq.*, in which Active seeks declaratory relief, under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, arising out of an enforceable settlement agreement reached between the parties, the terms of which specifically prohibit Adlife from asserting any claims for copyright infringement for the alleged use of its photographs under circumstances such as those described herein.

## THE PARTIES

2. Plaintiff Active is a limited liability company duly organized, existing, and in good standing under the laws of the State of Delaware and with its principal place of business located in Dallas, Texas.

3. Upon information and belief, Defendant Adlife Marketing & Communications Co., Inc. ("Adlife") is a corporation organized under the laws of the State of Rhode Island, with business activities throughout the United States, and on the World Wide Web, including in this District. The Rhode Island Department of State Division of Corporations identifies Adlife's principal place of business as Pawtucket, RI, with its registered agent for service of process listed as, Douglas Fleurant, 38 Church Street, Pawtucket, RI 20860.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1332 and 1338, as well as 28 U.S.C. §§ 2201 and 2202 because this action arises under the copyright laws of the United States, Title 17 of the United States Code, and seeks relief under the Federal Declaratory Judgment Act.  Additionally, this Court has supplemental jurisdiction over any non-federal claims arising under the laws of the State of Texas and the common law pursuant to 28 U.S.C. § 1367.

5. Upon information and belief, Adlife is subject to this Court's specific and general personal jurisdiction due at least to Adlife's regular and substantial business activity in this District, including revenue derived from goods and services provided to residents within this District and other activities that involve or affect the interstate flow of, and have a substantial effect on, interstate commerce.  Adlife has also directed infringement allegations specifically to Active in this District as more fully set forth herein.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400, at least because Defendant engages in significant business activity in this District as set forth above, and a substantial part of the events or omissions giving rise to the Complaint occurred in this District.

## FACTUAL ALLEGATIONS

7. Active is engaged in the business of marketing and providing cloud-based software platforms that help activity organizers streamline and manage the administration of activities and events, with an emphasis on sports, and directed to event organizers and consumers with active lifestyles. Active allows individual participants to access activities and events through web-based consumer portals, including, for example, those available on the World Wide Web through a website located at https://www.active.com.

8. Upon information and belief, Adlife is a digital media and advertising company that purports to own the rights to a library of hundreds of thousands if not millions of various photographic images and the like.

9. On or about October 20, 2016, Active and Adlife entered into a Settlement Agreement (the "Settlement Agreement"), the purpose of which was to resolve allegations of copyright infringement informally raised by Adlife against Active over the allegedly unauthorized use of "certain photographic images and copyrights for the same" by Active on its website in or about 2016. Active entered into the Settlement Agreement without any acknowledgment of fault but to allow the claims to be resolved without resort to costly and unnecessary litigation.

10. The Settlement Agreement included three main components, all of which are pertinent here. First, Active agreed to pay the sum of $5,000.00 (the "Settlement Amount") to Adlife, and Active agreed to cease and desist using the photographic images allegedly owned by Adlife that formed the basis for the original allegations of copyright infringement. The Settlement

Amount paid by Active was accepted by Adlife, and Active took steps to have the allegedly infringing photographic images promptly removed.

11. Second, Adlife gave a "covenant and warranty" to Active that as of the date of the Settlement Agreement, Adlife "has disclosed any and all infringement(s) by [Active]of Adlife's intellectual property, in any form whatsoever" and further acknowledged that "this covenant and warranty by Adlife is material to [Active's] decision to enter into this [Settlement] Agreement."

12. Third, Adlife provided Active a broadly-worded release in which, "Adlife unequivocally, generally, specifically and in perpetuity releases [Active] and waives any and all claims against [Active] and its affiliates from any further liability for the images herein described in this [Settlement] Agreement in addition to any Adlife-owned image found to have been posted to [Active's] website prior to the effective date of this [Settlement] Agreement."

13. Specifically, through operation of the foregoing second and third terms of the Settlement Agreement, as ratified and endorsed by acceptance of the Settlement Amount, Adlife acknowledged that the perpetual release and waiver of claims applied to instances of alleged infringement where photographic images allegedly owned by Adlife may have appeared on one of Active's websites *prior to the execution of the Settlement Agreement*, but such alleged infringement was not discovered *until after the date of the Settlement Agreement*.

14. Now, after the passage of some three years, Adlife, which is apparently unhappy with the agreement and/or is unaware of the scope of the release provided in the agreement, has raised new allegations by threats of copyright infringement against Active. Specifically, in correspondence beginning on or about May 2019, the "Licensing Department" of Adlife raised threats of "possible litigation in Federal Court" based on allegations of copyright infringement

from various photographic images allegedly owned by Adlife that apparently were discovered on Active's website (the "May 2019 Allegations").

15. Upon information and belief, the photographic images that formed the basis for the May 2019 Allegations were present and existed on the Active website prior to execution of the Settlement Agreement. Further, upon receiving notification from Adlife of the existence of the allegedly-infringing photographic images, Active took prompt action to have such images removed from its website.

16. In further response to these recent threats from Adlife, Active, through its undersigned counsel, invoked the Settlement Agreement and specifically directed Adlife to the foregoing terms of that agreement that (1) prohibit Adlife from asserting a claim for copyright infringement relating to any use of an Adlife photographic image found to have been posted on Active's website prior to the date of the Settlement Agreement, and (2) specifically and perpetually waive and release any and all such claims that may be brought against Active.

17. Despite the plain and unambiguous language of the Settlement Agreement, the acceptance by Adlife of the Settlement Amount, and the repeated explanations by Active, through the undersigned counsel, Adlife continues to launch allegations and make unwarranted threats of "litigation in Federal Court" to the detriment of Active who has incurred a disruption to its business activities and the necessity to engage its legal counsel to enforce the terms of the agreement.

### CLAIM FOR RELIEF

**Declaratory Relief Under the Federal Declaratory Judgment Act,
28 U.S.C. § 2201, *et seq.***

18. Active realleges and incorporates by reference, as if fully set forth herein, the allegations in all the preceding paragraphs.

19. The Settlement Agreement is a valid and enforceable agreement reached between Active and Adlife, effective October 20, 2016.

20. Active fully complied with the terms of the Settlement Agreement, including payment of the Settlement Amount that was accepted by Adlife.

21. An actual and justifiable controversy exists between Active and Adlife concerning their respective rights and obligations under the Settlement Agreement, including Adlife's failure to honor the perpetual waiver and release of any claims for copyright infringement for use of photographic images allegedly owned by Adlife that may have appeared on one of Active's websites prior to the execution of the Settlement Agreement. This specifically includes the May 2019 Allegations that form the basis for the threats raised by Adlife against Active.

22. As a result of the above-described communications from Adlife, and threats of litigation by Adlife, Active has reasonable apprehension that Adlife will commence an action against it for copyright infringement.

23. Active seeks a declaration concerning its rights under the terms of the Settlement Agreement, including specifically a declaration that Active cannot be subject to claims for a copyright infringement action based on the May 2019 Allegations and that Adlife and its affiliates are barred from bringing such future claims based on allegations of use of photographic images allegedly owned by Adlife that may have appeared on one of Active's websites prior to the execution of the Settlement Agreement.

## **PRAYER FOR RELIEF**

WHEREFORE, Active respectfully requests the following relief:

A. For declaratory relief, as follows: a declaration that under the terms of the Settlement Agreement, Active cannot be subject to claims for a copyright infringement action by

Adlife or its affiliates based on the May 2019 Allegations and that Adlife and its affiliates are barred from bringing such future claims for copyright infringement based on allegations of use of photographic images allegedly owned by Adlife that may have appeared on Active's website prior to the execution of the Settlement Agreement.

      B.      Costs of suit, and an award of attorneys' fees pursuant to United States Code, Title 17, Section 505, and/or as otherwise authorized by law.

      C.      For pre and post-judgment interest as allowed by law.

      D.      For such other relief as the Court may deem just and proper.

Dated: June 16, 2020

Respectfully submitted,

  */s/ Mary Goodrich Nix*
Mary Goodrich Nix
State Bar No. 24002694
mary.nix@hklaw.com
HOLLAND & KNIGHT LLP
200 Crescent Court, Suite 1600
Dallas, TX 75201
Telephone:   (214) 964-9407
Facsimile:    (214) 964-9501

Meghan C. Murphey, Esq.
(*pro hac vice* forthcoming)
meghan@themurpheylawyers.com
Matthew D. Murphey, Esq.
Texas State Bar No. 24049166
matt@themurpheylawyers.com
MURPHEY & MURPHEY
A PROFESSIONAL CORPORATION
120 Vantis Drive, Suite 300
Aliso Viejo, CA 92656
Telephone:   (949) 464-4540
Facsimile:    (562) 375-6674

*Attorneys for Plaintiff Active Network, LLC*